1  DAN MARMALEFSKY (BAR NO. 95477)
   DMarmalefsky@mofo.com
2  DAVID F. McDOWELL (BAR NO. 125806)
   DMcDowell@mofo.com
3  PURVI G. PATEL (BAR NO. 270702)
   PPatel@mofo.com
4  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
5  Los Angeles, California 90017-3543
   Telephone:  213.892.5200
6  Facsimile:  213.892.5454

7  Attorneys for Defendant
   MONSTER BEVERAGE CORPORATION
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13 | OSIE MARSHALL, YASNA CUEVAS, | Case No.
   | JOHN VAN ES, on behalf of themselves and |
14 | others similarly situated, |
   | | **DEFENDANT MONSTER**
15 |             Plaintiffs, | **BEVERAGE CORPORATION'S**
   | | **NOTICE OF REMOVAL**
16 |      v. |
   | | [San Francisco County Superior Court
17 | MONSTER BEVERAGE CORPORATION, | Case No. CGC-14-538447]
   | d/b/a HANSEN BEVERAGE COMPANY, and |
18 | DOES 1 through 50, inclusive |
   | |
19 |             Defendants. |

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

la-1249139

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Monster Beverage Corporation ("Monster") respectfully submits this Notice of Removal of this case from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On April 4, 2014, Plaintiffs Osie Marshall, Yasna Cuevas, and John Van Es, purportedly on behalf of themselves and all others similarly situated, filed a civil action in the Superior Court of the State of California for the County of San Francisco entitled *Osie Marshall, et al. v. Monster Beverage Corporation d/b/a Hansen Beverage Company*, Case No. CGC-14-538447. (Declaration of Purvi G. Patel, Ex. A.)

2. Plaintiffs have erroneously sued Monster Beverage Corporation, a Delaware corporation. (Declaration of Thomas J. Kelly ¶ 2.) Monster Beverage Corporation is a holding company that conducts no operating business except through its wholly owned subsidiaries. (*Id.*) Monster Energy Company is a wholly-owned subsidiary of Monster Beverage Corporation, and is the entity responsible for marketing and distributing the Hansen's-brand products at issue in this action.

3. Service of the summons and complaint was completed on April 18, 2014, when counsel for Monster signed and returned a Notice of Acknowledgment and Receipt. (Patel Decl. ¶ 3; Ex. B.)

4. Monster's removal notice is timely. *See* 28 U.S.C. § 1446(b) (removal is timely if filed within 30 days of defendant's receipt of the pleading).

5. Pursuant to 28 U.S.C. § 1446(a), copies of all state court pleadings, processes, and orders served on Monster are attached as Exhibit A to the Patel Declaration.

### BASIS OF REMOVAL JURISDICTION

6. <u>Generally</u>. The action is removable pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d) and 1453(b), for at least the following reasons:

7. <u>Covered Class Action Consisting of More than 100 Members</u>. Plaintiffs purport to bring the action on behalf of "all consumers in the United States within four years of the filing of this lawsuit who within the last four years have purchased any of the 'Misbranded Products,' which include all Hansen's Juices or Juice Box products, all Hansen's Smoothie Nectar products, all Hubert's Lemonade products, all Aguas Frescas products, all Hansen's Natural Fruit and Tea Stix products, all Vidration products, all Hansen's sodas, all Blue Sky sodas, Energy Pro, Diet Red, and all Blue Energy products (energy, juice, coffee)." (Compl. ¶ 1.) Plaintiffs allege that "[a]lthough the precise number of putative class members has not been determined at this time, Plaintiffs are informed and believe that the proposed classes include thousands of members." (*Id.* at ¶ 61); *see* 28 U.S.C. §§ 1332(d)(1) & (2), 1453(a) & (b).

8. <u>Diversity</u>. The minimal diversity standard of CAFA is met as long as any one defendant is a citizen of a different state than any member of the class of plaintiffs. 28 U.S.C. § 1332(d)(2)(A).

    a. The putative nationwide class includes members from every state. (*See* Compl. ¶¶ 1, 57.)

    b. Monster is a Delaware corporation with its principal place of business in the State of California. (Kelly Decl. ¶ 2.) *See Hertz Corp. v. Friend*, 130 S.Ct 1181, 1186 (2010) (adopting the "nerve center test," which locates a corporation's principal place of business in the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities," "typically" the corporation's headquarters). Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Monster is, and at all relevant times was, a citizen of Delaware and California.

    c. The citizenship of defendants sued as "Does" is disregarded for purposes of removal. 28 U.S.C. § 1441.

Thus, this putative nationwide class action satisfies the diversity requirements of 28 U.S.C. § 1332(d)(2)(A) because any member of a class of plaintiffs (all States) is a citizen of a state different from any defendant (Delaware and California).

9. <u>Amount in Controversy – Alleged Damages</u>. Under CAFA, the claims of individual class members are aggregated to determine if the amount in controversy exceeds the

NOTICE OF REMOVAL

2

required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Plaintiffs allege seven causes of action: three claims for violations of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), two claims for violation of the False Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.), violation of the Consumers Legal Remedies Act (Cal. Civ. Code § 1750 et seq.), and for breach of quasi-contract. (Compl. ¶¶ 66-121.) Plaintiffs seek, on behalf of themselves and the putative nationwide class, *inter alia*, restitution, disgorgement, damages, injunctive relief, and imposition of a constructive trust. (*Id.* at Prayer for Relief following ¶ 121.) Without conceding any merit to Plaintiffs' damages allegations or causes of action, the amount in controversy here satisfies CAFA's jurisdictional threshold.

10. Plaintiffs bring this action on behalf of a nationwide class who, within the past four years, purchased any of the "'Misbranded Products,' which include all Hansen's Juices or Juice Box products, all Hansen's Smoothie Nectar products, all Hubert's Lemonade products, all Aguas Frescas products, all Hansen's Natural Fruit and Tea Stix products, all Vidration products, all Hansen's sodas, all Blue Sky sodas, Energy Pro, Diet Red, and all Blue Energy products (energy, juice, coffee)." (Compl. ¶ 1.)

11. In the four years preceding the filing of this action, Monster Energy Company's sales in the United States of the Hansen's-brand products identified in the Complaint have exceeded $5,000,000. (Kelly Decl. ¶ 4.) While Monster disputes that it is liable to Plaintiffs or to the putative class (or that Plaintiffs or the putative class suffered injury or incurred damages in any amount whatsoever) and makes no admission as to whether class action treatment is appropriate or warranted in this case, for purposes of satisfying the jurisdictional prerequisite of CAFA, the amount in controversy exceeds $5,000,000.

12. <u>Amount in Controversy – Attorneys' Fees</u>. Plaintiffs also seek an award of attorneys' fees. (Compl. Prayer for Relief ¶ G.) This amount should also be included in the amount in controversy. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365 (9th Cir. 1982).

13. <u>No CAFA Exclusions</u>. This action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d). Plaintiffs bring this action on behalf of a

NOTICE OF REMOVAL

1  nationwide class of "all consumers in the United States within four years of the filing of this
2  lawsuit who within the last four years have purchased any of the 'Misbranded Products [.]"
3  (Compl. ¶ 1.) Plaintiffs do not allege that over one third of the putative class comprises citizens
4  of California. Nor can the complaint as pleaded support such a conclusion. Therefore, even
5  though Monster is a citizen of California (and Delaware), the exclusions to removal jurisdiction
6  do not apply. *See* 28 U.S.C. § 1332(d).

## DEMAND FOR JURY TRIAL

14.  Monster demands trial by jury on all issues raised on this action upon which a jury trial is permitted.

## NOTICE TO STATE COURT

15.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the County of San Francisco. (*See* Patel Decl., Ex. C, attaching without exhibits the Notice of Filing of Notice of Removal.)

Accordingly, Monster respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

Dated: May 13, 2014                MORRISON & FOERSTER LLP

                                   By: [signature]
                                   David F. McDowell
                                   *Attorneys for Defendant*
                                   *Monster Beverage Corporation*

NOTICE OF REMOVAL

4