UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSIE MARSHALL, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MONSTER BEVERAGE CORPORATION,<br><br>　　　　Defendant. | Case No. 14-cv-02203-JD<br><br>**ORDER TRANSFERING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>Re: Dkt. No. 15 |

## INTRODUCTION

This case involves a dispute about the labelling of consumer drinks in the Hansen beverages line. While conceding that venue is proper in this Court, defendant Monster Beverage Corporation asks to transfer this case to the United States District Court for the Central District of California on efficiency and cost-savings grounds because all of the parties and the vast majority of documentary evidence and witnesses are located there. After some prodding by the Court in a hearing held on August 6, 2014, plaintiffs admitted that all the parties do indeed reside in the Central District. The only hook to this district is the allegation that plaintiffs bought a couple of cans of Hansen's in San Francisco. Plaintiffs' main motivation for filing in this district appears to be a reaction to class action procedures they dislike in the Central District -- a good example of impermissible forum shopping. Applying the traditional factors to this forum non conveniens motion, the Court finds that transfer of venue to the Central District would serve the convenience of the parties and would promote the interests of justice, and orders transfer to the Central District.

## BACKGROUND

On April 4, 2014, Plaintiffs Osie Marshall, Yasna Cuevas, and John Van Es filed this putative class action in Superior Court for the City and County of San Francisco. *See* Dkt. No. 1.

Monster, who does business as Hansen Beverage Company, removed the case to this Court on May 13, 2014. *Id.*

Plaintiffs sue on behalf of a putative nationwide class of purchasers of Hansen's beverages, including Juices or Juice Box products, Smoothie Nectar products, Hubert's Lemonade products, Aguas Frescas products, Natural Fruit and Tea Stix products, Vidration products, sodas, Blue Sky sodas, Energy Pro, Diet Red, and Blue Energy products. Dkt. No. 5, Ex. A. Plaintiffs allege that Hansen deceptively labels and advertises the products by claiming that they are "natural," "contain no preservatives," do not comply with the regulations governing juices made from concentrate, claim to be "sweetened with Splenda," and are unlawfully fortified with vitamins and antioxidants, all in violation of the California Unfair Competition Law, Business & Professions Code § 17200 *et seq.*, the False Advertising Law, Business & Professions Code § 17500 *et seq.*, and the Consumer Legal Remedies Act of California Civil Code § 1750 *et seq. Id.*

## DISCUSSION

On June 25, 2014, Monster filed a forum non conveniens motion under 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Central District of California.[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) is intended to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F.Supp.2d 1151, 1155 (N.D. Cal. 2009) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). The Court has broad discretion in ruling on a motion to transfer. *Id.* (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)).

---

[1] Monster also submitted declarations of Blair Owens and David McDowell. Dkt. Nos. 19, 20. The Court did not consider either of these declarations as evidence because they contain information that is not relevant to the analysis under *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001). Plaintiffs requested judicial notice of Monster's 10-K report for the fiscal year ending December 31, 2013, a complaint and a minute order from unrelated litigation, a copy of the Central District's Civil Local Rule 23-3, and a portion of a 2005 Federal Judicial Center publication. *See* Dkt. No. 20-4. The Court also did not consider these as evidence for the same reason.

To obtain transfer, the moving party must show that venue is proper in both the transferor and transferee districts. *Vu*, 602 F.Supp.2d at 1155. "Once venue is determined to be proper in both districts, courts use these traditional factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001). Overall, the goal is to have cases litigated in the venue that makes the most practical sense in terms of easing burdens and costs at the pre-trial and trial stages.

As an initial matter, the Court finds that venue is proper in this district and in the Central District of California. 28 U.S.C. § 1441(a) governs the venue of removed actions. It provides that venue is proper where a case is removed to the district where the state action was pending. Here, plaintiffs initially filed this action in San Francisco County Superior Court, and Monster removed it to this district and has admitted venue is proper here. The Court agrees. Venue would also be proper in the Central District of California, because under 28 U.S.C. § 1391(a), venue is generally proper in a district where any defendant resides. *See* 28 U.S.C. § 1391(a). "[A] defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Monster admits that it is subject to personal jurisdiction in the Central District. Consequently, venue is proper in both the transferor and transferee districts.

Turning to the eight factor *Williams* test, the Court finds that they weigh in favor of transfer. With respect to the first factor, as a general matter, a plaintiff's choice of forum should be afforded deference. *Barnes & Noble, Inc. v. LSI Corp.*, 823 F.Supp.2d 980, 993-94 (N.D. Cal. 2011). But a plaintiff's choice is given less weight in class action cases and in cases where a plaintiff does not reside in the forum. *See Roling v. E*Trade Sec., LLC*, 756 F.Supp.2d 1179, 1185 (N.D. Cal. 2010) ("In class actions, however, a plaintiff's choice of forum is often accorded less weight.") (citation omitted); *Vu*, 602 F.Supp.2d at 1155 ("Where a plaintiff does not reside in

the forum, the Court may afford plaintiff's choice considerably less weight.") (citations omitted). A plaintiffs' forum choice gets even less deference when there are signs of forum shopping. *Williams*, 157 F.Supp.2d at 1106.

These facts lead to no deference to plaintiffs' choice of suing in this district. This is a putative nationwide class action. None of the named plaintiffs lives in this district. And there are indications in plaintiffs' opposition that they are forum shopping. Plaintiffs admit in their opposition that litigating this case in the Central District will "subject the parties to outdated rules" as "the Central District requires that class-action plaintiffs bring a motion for class certification within 90 days of the complaint's filing." Dkt. No. 20 at 13. Plaintiffs contend that "[t]his extremely abbreviated time frame does not permit sufficient discovery and likely results in the premature termination of putative class actions . . . ." *Id.* These assertions are classic signs of impermissible forum shopping. *See*, *e.g.*, *Deaver v. BBVA Compass Consulting and Benefits, Inc*., Case No. 13-cv-00222-JSC, 2014 WL 2199645, at *9 (N.D. Cal. 2014) (finding plaintiff engaged in forum shopping where "she candidly admit[ted] that she filed in the Northern District to avoid the Central District's local rule regarding the timing of filing motions for class certification.").

Most of the remaining factors point to wisdom of transfer. Monster's corporate headquarters and employees are in the Central District and the named plaintiffs all reside there. The convenience of witnesses, often considered to be the most important factor in deciding transfer questions, *Getz v. Boeing Co*., 547 F.Supp.2d 1080, 1083 (N.D. Cal. 2008), is clearly better served by litigating this dispute in the Central District because the vast majority of them are located there. Access to documentary evidence will also be easier there, although the recent trend in case law downplays the significance of this factor in light technology developments that make document handling much less cumbersome than in the old banker's box and hardcopy days. *See Hendricks v. StarKist Co.*, No.13-cv-729 YGR, 2014 WL 1245880, at *4 (N.D. Cal. Mar. 25, 2014) (citing *Van Slyke v. Capital One Bank*, 503 F.Supp.2d 1353, 1362 (N.D. Cal. 2007); *Szegedy v. Keystone Food Prod., Inc*., No. CV 08-5369 CAS, 2009 WL 2767683, at *6 (C.D. Cal. Aug. 26, 2009) ("As other courts have noted, ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be

transferred to different locations."). And the comparative congestion of the courts weighs slightly in favor of transfer. To measure congestion, courts compare the transferee and transferor district courts' "median time from filing to disposition of trial." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1196 (S.D. Cal. 2007). The key inquiry in docket congestion is "whether a trial may be speedier in another court because of its less crowded docket." *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1167 (S.D. Cal. 2005). Here, the parties are likely to receive a speedier trial in the Central District. In this district, the median time from filing to trial is 27.4 months, whereas that time is only 19.9 months in the Central District. Dkt. No. 15 at 11 (citing the Federal Judicial Caseload Statistics).[2]

## CONCLUSION

Because deference to plaintiffs' choice of forum is limited by the fact that they reside in the Central District of California and appear to be engaging in forum shopping, and because it would be considerably more convenient for the parties, the Court finds that transfer of venue to the Central District would serve the convenience of the parties and would promote the interests of justice.

The clerk is directed to transfer the file in this case to the Central District of California.

**IT IS SO ORDERED.**

Dated: August 6, 2014

_____
JAMES DONATO
United States District Judge

---

[2] Because the accuracy of the Federal Judicial Caseload statistics cannot reasonably be questioned, the Court may take judicial notice of them pursuant to Fed. R. Evid. 201.