Anthony J. Orshansky, SBN 199364
anthony@counselonegroup.com
Alexandria R. Kachadoorian, SBN 240601
alexandria@counselonegroup.com
Justin Kachadoorian, SBN 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiffs
OSIE MARSHALL, YASNA CUEVAS, and JOHN VAN ES, on behalf of themselves and others similarly situated

(*Defense counsel listed on next page*)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OSIE MARSHALL, YASNA CUEVAS, and JOHN VAN ES, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

MONSTER ENERGY COMPANY, D/B/A HANSEN BEVERAGE COMPANY, AND DOES 1 THROUGH 50, INCLUSIVE,

Defendant.

Case No. 14-cv-06311-MMM (PLAx)

**JOINT *EX PARTE* APPLICATION FOR ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CONDITIONAL CLASS SETTLEMENT**

Hon. Margaret M. Morrow
Courtroom 780

Complaint Filed: April 4, 2014
FAC Filed: September 29, 2014
Trial Date: April 12, 2016

DAN MARMALEFSKY (CA SBN 95477)
dmarmalefsky@mofo.com
DAVID F. McDOWELL (CA SBN 125806)
DMcDowell@mofo.com
PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
MONSTER ENERGY COMPANY




**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1

II. BRIEF OVERVIEW OF THE PROPOSED CLASS SETTLEMENT .......... 2

III. SUMMARY OF OVERLAPPING STATE COURT ACTIONS .......... 3

A. *Krinsk* Is a Copy Cat of This Case .......... 3

B. *Cuzakis* Is Entirely Subsumed by this Case .......... 5

IV. THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED CLASS SETTLEMENT ON AN *EX PARTE* BASIS .......... 6

A. The Parties—And Absent Class Members—Will be Prejudiced Absent an *Ex Parte* Ruling on Preliminary Approval .......... 6

1. An *ex parte* order will avoid unnecessary delay .......... 6

2. An *ex parte* order will avoid unseemly conflict created by *Krinsk* and *Cuzakis* .......... 6

B. The Parties Have Not Created the Need for *Ex Parte* Relief .......... 8

V. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Adachi v. Carlyle/Galaxy San Pedro, L.P.*,
Dkt. No. 101, No. 09-cv-00793-MMM-AJW (C.D. Cal. May 18, 2009)........1, 6

*Ahren v. Central Pacific Freight Lines*,
846 F.2d 47 (9th Cir. 1988)........8

*Caiafa Prof'l Law Corp. v. State Farm Fire & Cas. Co.*,
15 Cal. App. 4th 800 (1993)........7, 8

*Dawson v. Mahoney*,
451 F.3d 550 (9th Cir. 2006)........3

*Einhorn v. eConnect, Inc., et al.*,
Dkt. No. 46, No. 00-cv-02674-MMM-JWJ (C.D. Cal. June 4, 2001)........6

*In re Endocare Inc. Sec. Litig.*,
Dkt. No. 99, No. 02-cv-08429-DT–CT (C.D. Cal. Nov. 16, 2004)........6

*In re Specialty Labs Inc. Sec. Litig.*,
Dkt. No. 68, No. 02-cv-03728-DDP-RC (C.D. Cal. Oct. 15, 2004)........6

*Jacobs v. CSAA Inter-Insurance*,
No. C 07-00362 MHP, 2009 WL 1201996 (N.D. Cal. May 1, 2009)........7

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001)........3

*Mission Power Eng'g Co. v. Continental Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995)........6, 8

*Negrete v. Allianz Life Ins. Co.*,
523 F.3d 1091 (9th Cir. 2008)........7

*Schneider v. Vennard*,
183 Cal. App. 3d 1340 (1986)........8

*Simmons v. Superior Court*
96 Cal. App. 2d 119 (1950)........7

*Yumul v. Smart Balance, Inc.*,
Dkt. No. 132, No. 10-cv-00927-MMM-AJC (C.D. Cal. Nov. 23, 2011) ........ 1, 6

**STATUTES**

All Writs Act, 28 U.S.C. § 1651(a) ........ 7

Anti-Injunction Act, 28 U.S.C. § 2283 ........ 7

**OTHER AUTHORITIES**

Federal Rule of Evidence 201 ........ 3

iii

JOINT *EX PARTE* APP. FOR ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 14-cv-06311-MMM(PLAx)

## I. INTRODUCTION

Pursuant to the Notice of Conditional Class Settlement [ECF No. 49], Plaintiffs Osie Marshall, Yasna Cuevas, and John Van Es ("Plaintiffs") and Defendant Monster Energy Company ("Monster Energy") jointly apply on an *ex parte* basis for an order granting Plaintiffs' Motion for Preliminary Approval of Class Settlement, attached as **Exhibit 1**.[1]

This case involves purported technical labeling violations of certain juice and soda products developed, marketed, and sold by Monster Energy. Since Plaintiffs sent their demand letter in September 2013, the parties have engaged in informal and formal written discovery, and Monster Energy has produced documents addressing the labeling, packaging, advertising, sales, and pricing of the products at issue. These efforts have afforded the parties an in-depth understanding of the respective strengths and weaknesses of Plaintiffs' claims and of Monster Energy's defenses. The parties participated in a formal mediation with the assistance of Hon. Steven Stone of JAMS (Ret.) in 2013—before Plaintiffs' filed suit—and more recently engaged in arm's-length negotiation of the proposed settlement now presented for the Court's approval.

*Ex parte* requests for preliminary approval of class settlements are favored by Courts in this District where, as here, the underlying motion is unopposed and the first available hearing date is several months away. *See e.g.*, *Yumul v. Smart Balance, Inc.*, Dkt. No. 132, No. 10-cv-00927-MMM-AJC (C.D. Cal. Nov. 23, 2011); *Adachi v. Carlyle/Galaxy San Pedro, L.P.*, Dkt. No. 101, No. 09-cv-00793-MMM-AJW (C.D. Cal. May 18, 2009). More importantly, the proposed settlement fully addresses and resolves the claims of the putative classes in two pending, overlapping state court cases, *Krinsk, et al. v. Monster Beverage Corporation*, San

---

[1] Monster Energy's Statement of Non-Opposition to Plaintiffs' Motion for Preliminary Approval of Class Settlement is attached hereto as **Exhibit 2**.

Diego Superior Court, Case No. 37-2014-20192-CU-BT-CTL and *Cuzakis, et al. v. Monster Energy Company, et al.*, Los Angeles Superior Court, Case No. BC513620. There is not a single product or mislabeling claim at issue in *Krinsk* or *Cuzakis* that is not alleged in this case, and that will not be resolved through the proposed settlement. The *Krinsk* case is currently set for trial in October 2015, and plaintiffs in the *Cuzakis* case have a December 2015 deadline to move for class certification.[2] (Declaration of Purvi G. Patel ISO Joint *Ex Parte* Application ("Patel Decl.") ¶¶ 6, 8.) An *ex parte* ruling on preliminary approval is therefore necessary to stay the *Krinsk* and *Cuzakis* matters, to protect the interests of absent class members while notice is given, claims are made, and final approval is evaluated, and to obviate the risk of inconsistent class certification and merits rulings.

## II. BRIEF OVERVIEW OF THE PROPOSED CLASS SETTLEMENT

The proposed settlement provides meaningful monetary and injunctive relief to the conditional settlement class of California residents who purchased the products at issue in this case (as well as the members of the putative classes alleged in *Krinsk* and *Cuzakis*) between June 27, 2009 and the present. Under the settlement, class members have the option to choose either: (i) a $0.50 Cash Payment per purchase for up to 20 purchases (maximum value of $10.00) or (ii) a $1.00 Off Merchandise Certificate per purchase for up to 20 purchases (maximum value of $20.00). Monster Energy has already revised labels for several Hansen's products, particularly with respect to "No Sugar Added" representations. Monster Energy will also ensure that, as of the Effective Date, the labels for any Qualifying Products it is responsible for developing and marketing comply with all then-current U.S. Food and Drug Administration labeling regulations, guidance, and

[2] The *Krinsk* court did not set a schedule for seeking class certification and to date plaintiffs have not moved for class certification. (Patel Decl. ¶ 6.)

policies, including, without limitation, 21 C.F.R. § 101.22, 21 C.F.R. § 101.30, 21 C.F.R. § 101.54, 21 C.F.R. § 101.60, 21 C.F.R. § 102.33, and 21 C.F.R. § 104.20, as applicable. Class members will be notified of the settlement through published and Internet banner ad notice, and will have sufficient opportunity to submit claims or object to or opt out of the settlement. For the reasons more fully set forth in Plaintiffs' Motion for Preliminary Approval (Ex. 1), the proposed settlement is fair, reasonable, and adequate.

## III. SUMMARY OF OVERLAPPING STATE COURT ACTIONS

### A. *Krinsk* Is a Copy Cat of This Case

The *Krinsk* action was filed on June 19, 2014, more than two months after Plaintiffs filed their complaint. *Krinsk* essentially plagiarized the complaint filed in this case.[3] (Patel Decl., Exs. A, B ("*Krinsk* FAC").][4] There is a near-perfect overlap between the two cases (the original *Krinsk* complaint copied the original *Marshall* complaint down to its typographical errors):

(i) the case description and specific factual allegations pled in *Krinsk* are identical in all material respects to those pled here (though *Krinsk* encompasses fewer accused product families);

(ii) the *Krinsk* FAC repeats almost verbatim each and every cause of action and purported injury asserted in this case;

---

[3] The *Krinsk* plaintiffs assert claims against both Monster Energy and Monster Beverage Corporation ("MBC"). MBC has been erroneously sued as it is a holding company that conducts no operating business except through its wholly owned subsidiaries, including Monster Energy. MBC does not develop, market, or sell any products, much less the products at issue in the three putative class actions. Plaintiffs in this case originally named MBC as a defendant, but after meet and confer, substituted in the correct defendant, Monster Energy. (*Compare* ECF No. 5, Ex. A *with* ECF No. 38.) The proposed settlement includes a release of claims against Monster Energy and its parent, MBC.

[4] Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record," including complaints filed in other courts. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

(iii) the relief sought in both cases is identical; and

(iv) the putative California-only class in *Krinsk* is duplicative of, and fully subsumed by, the class alleged in this case.[5]

The chart below summarizes the key areas of overlap:

| | ***Marshall* FAC** | ***Krinsk* FAC** |
|---|---|---|
| **Gravamen of FAC** | "Hansen deceptively labels and advertises the Misbranded Products . . . [to] create the impression that the Misbranded products are natural, healthy beverages." (¶ 8) | "Hansen deceptively labels and advertises the Misbranded Products . . . [to] create the impression that the Misbranded products are natural, healthy beverages." (¶ 8) |
| **Accused Products** | • Hansen's Juice or Juice Box<br>• Hansen's Smoothie Nectar<br>• Hubert's Lemonade<br>• Angeleno Agua Frescas<br>• Fruit & Tea Stix<br>• Vidration<br>• Hansen's Sodas,<br>• Blue Sky Sodas,<br>• Hansen's Energy (¶ 2) | • Hansen's Juice or Juice Box<br>• Hansen's Smoothie Nectar<br>• Hubert's Lemonade (¶ 1) |
| **Proposed Class** | "All persons in the United States or, alternatively, California who purchased one or more of the Misbranded Products from four years prior to the filing of the Complaint and continuing to the present." (¶ 91) | "All persons who were residents in California when they purchased one or more of the Misbranded Products from four years prior to the filing of the Complaint and continuing to the present." (¶ 54) |
| **Types of Alleged Mislabeling** | • "All Natural" (¶¶ 9-31)<br>• "No Preservative" (¶¶ 32-41)<br>• "100% Juice" (¶¶ 42-48) | • "All Natural" (¶¶ 9-25)<br>• "No Preservative" (¶¶ 26-31)<br>• "100% Juice" (¶¶ 32-34) |

[5] The *Krinsk* action was originally brought by a single named plaintiff, Marcy Krinsk, the wife of one of the name partners of Finkelstein & Krinsk, the law firm representing Mrs. Krinsk and the putative class. (Patel Decl. ¶ 3, Ex. A.) In response to MBC's motion to disqualify Finkelstein & Krinsk, Mrs. Krinsk filed an amended complaint in which she remained in the case in her individual capacity only and substituted in two new named plaintiffs as proposed class representatives. (*Id.* ¶¶ 4-5, Ex. B.) Despite the substitution, the conflict of interest between Finkelstein & Krinsk, Mrs. Krinsk, and the putative class remains. (*Id.*)

| | *Marshall* FAC | *Krinsk* FAC |
|---|---|---|
| | • "No Added Sugar" (¶¶ 49-57)<br>• "Made From Concentrate" (¶¶ 58-63)<br>• "Sweetened With Splenda" (¶¶ 64-71)<br>• "Fortification" (¶¶ 72-80) | • "No Added Sugar" (¶¶ 35-37)<br>• "Made From Concentrate" (¶¶ 38-39)<br>• "Sweetened With Splenda" (¶¶ 40-42)<br>• "Fortification" (¶¶ 43-46) |
| **Claims** | • UCL<br>• FAL<br>• CLRA<br>• Quasi-contract / Unjust Enrichment | • UCL<br>• FAL<br>• CLRA<br>• Quasi-contract / Unjust Enrichment |
| **Injury Alleged** | Plaintiffs "did not receive the products [] bargained for and [] lost money as a result . . . of paying money to Defendants and paying a premium for Defendants' products owing to the misrepresentations." (¶¶ 31, 41, 48, 57, 63, 71, 80) | Plaintiffs "did not receive the products [] bargained for and [] lost money as a result . . . of paying money to Defendants and paying a premium for Defendants' products owing to the misrepresentations." (¶ 53) |
| **Relief Requested** | • Damages<br>• Restitution<br>• Injunctive Relief<br>• Attorneys' fees | • Damages<br>• Restitution<br>• Injunctive Relief<br>• Attorneys' fees |

### B. *Cuzakis* Is Entirely Subsumed by this Case

The *Cuzakis* case was filed in June 2013, shortly before the pre-litigation discussions between the parties in this matter. Formal discovery commenced on April 23, 2015, and plaintiffs are required to move for class certification by December 31, 2015. The asserted claims, accused products, and putative classes at issue in the operative Third Amended Complaint ("TAC") are entirely subsumed by those in this case. (Patel Decl., Ex. C ("*Cuzakis* TAC").) Specifically, the *Cuzakis* TAC: (i) alleges California-only classes (¶ 47); (ii) addresses only the "no sugar added" claims that are also asserted in this case (¶ 2); (iii) concerns only Hansen's-brand juices (i.e., Natural Apple Grape Juice, Natural Pineapple Juice, Natural

Apple Strawberry Juice, and Natural Organic 100% Apple Juice), which are also at issue here (¶ 15); and (iv) seeks the same relief that is sought in this case (¶ 103). The proposed settlement of this case fully addresses and eclipses all claims regarding the legality of the products that are at issue in *Cuzakis*.

## IV. THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED CLASS SETTLEMENT ON AN *EX PARTE* BASIS

*Ex parte* relief requires the moving party to demonstrate that: (i) the party will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and (ii) the party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### A. The Parties—And Absent Class Members—Will be Prejudiced Absent an *Ex Parte* Ruling on Preliminary Approval

#### 1. An *ex parte* order will avoid unnecessary delay

Monster Energy does not oppose Plaintiffs' Motion for Preliminary Approval (Ex. 2). The Court's first available hearing date for a regularly-noticed motion is October 19, 2015, nearly three months away. This Court, and several others in the Central District, grant preliminary approval of class settlements on an *ex parte* basis to obviate the need for a hearing when a motion is unopposed. *See, e.g., Yumul v. Smart Balance, Inc*., Dkt. No. 132, No. 10-cv-00927-MMM-AJC (C.D. Cal. Nov. 23, 2011); *Adachi v. Carlyle/Galaxy San Pedro, L.P.*, Dkt. No. 101, No. 09-cv-00793-MMM-AJW (C.D. Cal. May 18, 2009); *Einhorn v. eConnect, Inc., et al.*, Dkt. No. 46, No. 00-cv-02674-MMM-JWJ (C.D. Cal. June 4, 2001); *In re Specialty Labs Inc. Sec. Litig.*, Dkt. No. 68, No. 02-cv-03728-DDP-RC (C.D. Cal. Oct. 15, 2004); *In re Endocare Inc. Sec. Litig.*, Dkt. No. 99, No. 02-cv-08429-DT–CT (C.D. Cal. Nov. 16, 2004).

**2. An *ex parte* order will avoid unseemly conflict created by *Krinsk* and *Cuzakis***

An *ex parte* order granting preliminary approval and enjoining continued prosecution of the *Krinsk* and *Cuzakis* actions is also necessary to protect class members' ability to receive the benefits afforded by the proposed settlement, and to avoid the substantial and unnecessary expense for Monster Energy to defend other actions subsumed by the claims presented in this action, and for which appropriate classwide relief has been negotiated.[6]

The copycat *Krinsk* action has a motion cut-off in September 2015, and is set for trial on October 23, 2015, and the *Cuzakis* case has a December 31, 2015 deadline for plaintiffs to move for class certification. (Patel Decl. ¶¶ 6, 8.) There is a material risk that the *Krinsk* or *Cuzakis* courts could issue rulings on class certification or the merits while the settlement remains pending on this Court's regularly-noticed motion calendar. These determinations could be inconsistent with the terms of the proposed settlement, imperiling both the jurisdiction of this Court and the benefits to be received by the conditional settlement class. *See Caiafa Prof'l Law Corp. v. State Farm Fire & Cas. Co.*, 15 Cal. App. 4th 800, 807 (1993) (if the broader federal action proceeds and resolves issues in the state court action, "'[u]nseemly conflict' will have been avoided and the interest in judicial economy well served."); *Simmons v. Superior Court*, 96 Cal. App. 2d 119, 130 (1950) ("Equity abhors a multiplicity of actions . . . . A conflict of authority should not

[6] As further explained in Plaintiffs' Motion for Preliminary Approval, the Court has authority to protect its jurisdiction to oversee and enforce this settlement pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and the "necessary-in-aid-of-jurisdiction" exception to the Anti-Injunction Act, 28 U.S.C. § 2283. *See Negrete v. Allianz Life Ins. Co.*, 523 F.3d 1091, 1102 (9th Cir. 2008) ("Courts have held that the existence of advanced federal in personam litigation may, in some instances, permit an injunction in aid of jurisdiction."); *Jacobs v. CSAA Inter-Insurance*, No. C 07-00362 MHP, 2009 WL 1201996, at *3 (N.D. Cal. May 1, 2009) ("Enjoining class members from participating in a state action relating to claims that are similarly asserted in the federal action is necessary and appropriate to preserve this court's jurisdiction.").

occur if it can be avoided.").

Moreover, an *ex parte* order granting preliminary approval and enjoining related litigation is necessary to serve judicial economy and conserve the resources of the parties pending final approval and entry of judgment. As explained in Section III, this case is the broadest of the three overlapping cases. Because the proposed settlement fully resolves the claims of all putative class members, it is inefficient for the parties or the courts to continue expending resources in connection with the *Krinsk* or *Cuzakis* actions. *See Caiafa*, 15 Cal. App. 4th at 807 ("The interest in judicial economy" would be "well served" were the federal court to determine the issues presented in the overlapping state action); *Ahren v. Central Pacific Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) ("It is well recognized that settlement agreements are judicially favored as a matter of sound public policy. Settlement agreements conserve judicial time and limit expensive litigation."); *Schneider v. Vennard*, 183 Cal. App. 3d 1340, 1348 (1986) ("If two class actions were allowed to proceed simultaneously, the already overtaxed resources of two courts will have been devoted to the resolution of a single dispute.").

**B. The Parties Have Not Created the Need for *Ex Parte* Relief**

The parties have moved expeditiously to negotiate the terms of the settlement and to seek preliminary approval. They began settlement discussions even before the commencement of litigation, continued these discussions thereafter, and ultimately filed a Notice of Conditional Class Settlement on June 16, 2015 [ECF No. 49]. They now file this application and underlying motion papers within weeks of filing the Notice of Conditional Class Settlement. Moreover, the pretrial and trial schedules in the companion state court actions were set by the *Krinsk* and *Cuzakis* courts, respectively. Simply put, the need for the requested *ex parte* relief is not attributable to any conduct of the parties. *Mission Power*, 883 F. Supp. at 492.

## V. CONCLUSION

For the reasons stated herein, the parties respectfully request that the Court grant this *ex parte* application and preliminarily approve the underlying conditional class settlement.

Dated: July 24, 2015

COUNSELONE, P.C.

By: /s/ Anthony J. Orshansky
Anthony J. Orshansky

***Attorneys for Plaintiffs Osie Marshall, Yasna Cuevas, and John Van Es***

Dated: July 24, 2015

MORRISON & FOERSTER LLP

By: /s/ Purvi G. Patel
Purvi G. Patel

***Attorneys for Defendant Monster Energy Company***

## ECF ATTESTATION

I, Anthony J. Orshansky, am the ECF User whose ID and password are being used to file this document. In compliance with Local Rule 5-4.3.4, I hereby attest that Purvi G. Patel has concurred in and authorized this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

/s/ Anthony J. Orshansky
Anthony J. Orshansky
***Attorneys for Plaintiffs***
***Osie Marshall, Yasna Cuevas, and John Van Es***

10

JOINT *EX PARTE* APP. FOR ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 14-cv-06311-MMM(PLAx)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of July, 2015, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

/s/ Anthony J. Orshansky
Anthony J. Orshansky
***Attorneys for Plaintiffs Osie Marshall, Yasna Cuevas, and John Van Es***