1    UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3    HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

4

5    OSIE MARSHALL, YASNA CUEVAS,           )
     JOHN VAN ES, on behalf of themselves   )
6    and others similarly situated,         )
                                            )
7                        Plaintiffs,        )
                                            )
8        vs.                                )   CASE NO.
                                            )   CV 14-6311-MWF(PLAx)
9                                           )
     MONSTER ENERGY COMPANY, dba            )
10   HANSEN BEVERAGE COMPANY, and           )
     DOES 1 through 10, inclusive,          )
11                                          )
                         Defendants.        )
12   _____)

13

14                   REPORTER'S TRANSCRIPT OF
                 MOTION TO INTERVENE MAYAN MOONEY
15         MOTION TO INTERVENE FRANK CUZAKIS, JACK HUDSON
     MOTION FOR APPOINTMENT OF FINKELSTEIN AND KRINSK LLP AS INTERIM
16                        CLASS COUNSEL
         MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT
                     MONDAY, FEBRUARY 29, 2016
17                          9:11 A.M.
                     LOS ANGELES, CALIFORNIA

18

19

20

21

22   _____

23            SHAYNA MONTGOMERY, CSR, RPR, CRR
              FEDERAL OFFICIAL COURT REPORTER
24            312 NORTH SPRING STREET, ROOM 410
              LOS ANGELES, CALIFORNIA 90012
25                    (213) 894-2665

UNITED STATES DISTRICT COURT

```
 1                  APPEARANCES OF COUNSEL:

 2

 3    FOR THE PLAINTIFFS:

 4        COUNSEL ONE PC
          BY:  ANTHONY ORSHANSKY
 5             JUSTIN KACHADOORIAN
               Attorneys at Law
 6        9301 Wilshire Boulevard, Suite 650
          Beverly Hills, California 90210
 7        (310) 277-9945

 8

 9    FOR THE DEFENDANTS:

10        MORRISON & FOERSTER LLP
          BY:  DAVID F. MCDOWELL
11             PURVI G. PATEL
               Attorneys at Law
12        707 Wilshire Boulevard
          Los Angeles, California 90017-3543
13        (213) 892-5296

14

15    FOR THE INTERVENOR MAYAN MOONEY:

16        FINKELSTEIN AND KRINSK LLP
          BY:  WILLIAM RESTIS
17             Attorney at Law
          501 West Broadway, Suite 1250
18        San Diego, California 92101
          (619) 238-1333
19

20

21    FOR THE INTERVENOR FRANK CUZAKIS:

          CAPSTONE LAW APC
22        BY:  ROBERT K. FRIEDL
               JORDAN L. LURIE
23             Attorneys at Law
          1840 Century Park East, Suite 450
24        Los Angeles, California 90067
          (310) 712-8155
25
```

1          **LOS ANGELES, CALIFORNIA; MONDAY, FEBRUARY 29, 2016**

2                              **9:11 A.M.**

3                              --oOo--

4          THE COURTROOM DEPUTY:  Calling item number one, case

5    number CV 14-6311-MWF, Osie Marshall, et al. v. Monster Energy

6    Company.

7       Counsel, please rise and state your appearance for the

8    record.

9          MR. KACHADOORIAN:  Good morning, Your Honor.  Justin

10   Kachadoorian on behalf of the plaintiff.

11         MR. ORSHANSKY:  Anthony Orshansky on behalf of the

12   plaintiffs.

13         MR. RESTIS:  William Restis, Your Honor, on behalf

14   of the proposed intervenor Mooney.

15         MR. FRIEDL:  Robert Friedl, Your Honor, on behalf of

16   the proposed intervenor Cuzakis.

17         MR. LURIE:  Good morning, Your Honor, Jordan Lurie

18   for proposed intervenor Cuzakis.

19         THE COURT:  Good morning, counsel.

20         MR. MCDOWELL:  Good morning, Your Honor.  David

21   McDowell and Purvi Patel on behalf of defendant Monster Energy

22   Company.

23         MS. PATEL:  Good morning.

24         THE COURT:  Good morning, counsel.

25      Mr. McDowell and I worked together at Heller Ehrman over

```
 1   20 years ago when both of us had considerably more brown in our
 2   hair than gray, but I -- so I don't see that as being a
 3   problem, and had Mr. Marmalefsky been here, then I would have
 4   disclosed that I worked with him on several white collar cases
 5   when I was in private practice as well.
 6       All right.  You've had a chance to look at the tentative.
 7   I know both sides will want to address me.  Let's deal with the
 8   intervention first, and then we can deal with the issue of
 9   whether the proposed class is something that I should give the
10   preliminary approval to, even on the relaxed standard that
11   applies to those preliminary approvals.
12       All right.  I'll hear from one or the other of the
13   intervenors first.
14           MR. RESTIS:  Your Honor, would you like me here or
15   at the podium?
16           THE COURT:  At the lectern, please.
17           MR. RESTIS:  Okay.
18           THE COURT:  As a tradition of the Central District,
19   I'll say lectern instead of podium since Chief Judge Real feels
20   very strongly on the matter and over the decades has not been
21   shy about letting lawyers know the difference between a lectern
22   and a podium.  So if you should appear in front of
23   him, keep that in mind.  All right.
24           MR. RESTIS:  Thank you for the education, Your
25   Honor.  I also want to appreciate your salute to the flag.
```

1    That's rare these days.

2         The first thing that I'd like to address is reading

3    through the papers, your tentative opinion, you have a section

4    in there about jurisdiction, and that raised something in my

5    mind that was not brought to the Court's attention previous to

6    this, but because it's jurisdictional I thought I'd raise it.

7         This case was filed in the California Superior Court.  It

8    was removed under CAFA.  It had a national class pled.  But

9    that national class was not sought to be certified by the June

10   8th deadline, and the only class that we have here is a

11   California state class against a California defendant.  So I

12   don't have any briefing.  Perhaps the Court would want to look

13   at that on its own motion or ask the parties to brief the

14   issue.

15        THE COURT:  Well, if it's jurisdictional, it's

16   something that can always be raised.  I'm going to leave it to

17   the parties.  I do have a sua sponte obligation to consider

18   jurisdiction.  It does seem that the CAFA claims were doubtless

19   made in good faith, and, you know, you are supposed to look at

20   jurisdiction as it's set forth in the complaint at the time of

21   the filing.  You know, I mean, parties could change all of

22   this.  The federal claim could be dismissed and the

23   supplemental claims potentially survive.  So if you feel it's

24   an issue, then raise it with me.

25        MR. RESTIS:  That's as far as I've researched it,

1    Your Honor, so I'm content with that.

2        The other thing is this case was briefed for a judge that

3    had more familiarity with this proceeding.  So I think that our

4    papers didn't touch exactly on the point that we think is very

5    cogent today, is that the plaintiffs in this settlement

6    negotiated the settlement after they admitted to the court on

7    the record that they could not move for class certification,

8    and after Judge Morrow wrote a, frankly, scathing opinion of

9    their lack of diligence in pursuing this case, and because of

10   that there was no leverage that the plaintiffs' counsel and the

11   plaintiffs were able to wield in negotiating this settlement.

12   And that raises serious due process and considerations.

13            THE COURT:  And I am aware of that.  It's just I'm

14   not -- I don't -- based on the case law and, frankly, on common

15   sense, I just don't see why the named plaintiff in your action,

16   who undoubtedly bought, you know, Hansen's stuff as we all

17   have, can't raise that at the final hearing.  You know, I -- as

18   I think I've indicated here, I'm not saying that the objections

19   are necessarily frivolous.  I'm not taking any position on the

20   objections one way or the other.  It just seems to me that

21   there's a -- that under the case law, this is something that

22   should be resolved that way.

23       Now, you know, in a way it was a little cute for the

24   plaintiff and the defendant to say that there are two avenues

25   available to the intervenors; one of which would be to opt out,

1    and the other one would be to object.  I mean, of course there

2    aren't going to be opt-outs here, of course there wouldn't be.

3    I mean, we all know that this is -- there are two things that

4    matter here.  One is what is it that the class members would

5    get, and the second one is how much lawyer -- how much are the

6    lawyers going to get and which lawyers is that going to be.

7    And that's fine.

8         You know, so the thing is no one's going to opt out, and

9    so let's look at this.  So that's not realistic, but what is

10   realistic is that they object and they just raise these points

11   and they just say, Look, it was a sham.  It was a contrivance.

12   It was collusion, and both sides have the chance to be heard

13   fully on that.  Clearly, the plaintiff and the defendant

14   disagree, and while there was some attempt in the reply brief

15   to try to say why this was justified, including the risk of

16   future appellate issues, clearly both sides have a lot more to

17   say, and I'll look forward to hearing it.  It's just I don't

18   know why I should let you intervene in order to hear it now.

19           MR. RESTIS:  To take a step back, I agree with Your

20   Honor that if this was an issue of the fairness, reasonableness

21   and adequacy of the settlement, then that is an appropriate --

22   that the opt-out -- excuse me, objection procedure is an

23   appropriate venue for that.  However, the Fraley v. Facebook

24   case in the Northern District of California said on preliminary

25   approval that it would be inappropriate to grant preliminary

1    approval and postpone ruling on these key issues because it's a

2    huge cost and expense to the parties to go through notice, opt

3    out and only to have these things raised at final approval.

4        But it also said that -- and I thought this was very

5    cogent -- that it also creates class member confusion because

6    you're going to have all these people receiving notice.  You're

7    going to have people that are submitting claims, and then the

8    settlement's ultimately going to be denied.  And we believe

9    that the deficiency in representation can't be cured at all in

10   this case so that it must be -- it behooves the Court not to go

11   through the process because I think the record is clear that

12   adequacy of representation is lacking.

13           THE COURT:  Well, what I, frankly, was going to at

14   the end of this recommend to the plaintiff and the defendant

15   was their strong consideration on whether they would stipulate

16   to have these issues advanced and considered now.  I am

17   concerned about the cost and the delay that would arise, but

18   that was inherent always.  It was clearly known to those

19   courts, and there does seem to be a consensus on this, that it

20   was appropriate to delay it despite the risk you do.  But

21   that's not to say that it's necessarily in the interest,

22   frankly, of anybody, including Marshall and Monster.  So -- but

23   that's something for all of you to work out among yourselves.

24       In terms of right now, they're saying, Look, the law is

25   that there is -- these things should be put off to the final

```
 1    hearing, and while you've mentioned one case and you've
 2    mentioned one concern, I still don't think that that's enough
 3    to go against what seems to me to be a pretty strong consensus
 4    on how this is done.  And moreover, even if that were the case,
 5    then there would be the issue of the timeliness, and on that
 6    the case law seems pretty consistent as well.  But I know
 7    that's something on which you might wish to be heard as well.
 8              MR. RESTIS:  Yeah, on the timeliness, Your Honor, I
 9    think the case law is clear that it's only when there is a risk
10    of impairment to those interests that the so-called, I guess,
11    triggering point occurs that would start the timeliness
12    inquiry.  And simply, I haven't seen any case that says simply
13    because there's another class action filed that it requires
14    intervention when the case is filed or the knowledge of another
15    case.
16        I think that if we saw that, we would see a lot of
17    disruption in the normal procedure of federal and state class
18    actions that proceed concurrently, and we don't see that.  So
19    I'd ask the Court to consider whether in the class action
20    context that's different, and I believe that we cited cases to
21    say that it was timely.
22              THE COURT:  Well, lots of times one case or another
23    can go forward, and at times there's a race to the courthouse,
24    and at times there's a race to judgment.  And in terms of
25    interest, it was always in the interest of you and your firm,
```

1    just as it was in the interest of Capstone, not to let other

2    lawyers certify the class and reap the rewards.  So in that

3    sense, I -- and I don't mean to begrudge the lawyers for that,

4    far from it.  I mean, that's the way class actions are supposed

5    to work.  But it is suggestive to me that everybody was aware

6    that there were real risks of having this federal proceeding go

7    forward, especially despite the somewhat tortured history of

8    how it did end up here.  Usually, federal cases go more quickly

9    for a variety of reasons.

10         So I don't know -- you know, it did just seem, as for the

11   reasons I set forth in the tentative, that it was pretty -- it

12   was pretty foreseeable that we might be here, and it was

13   certainly even more foreseeable that the intervenor firms had

14   no particular reason to want the federal class to be certified.

15              MR. RESTIS:  Your Honor, it's not the certification

16   of a class that impairs the interest of the proposed

17   intervenors or the absent class members.  If they had come up

18   with a settlement that had adequate representation, then we

19   wouldn't have an issue here.  That's the only real basis that

20   Mooney is intervening in this case, and we believe it's

21   fundamental and we believe it deals with due process.  So until

22   that due process issue ripened, we had no reason to intervene

23   in the case.

24         And I think that you're right, absent that triggering

25   event of missing the class certification deadline and having

1    the opinion by Judge Morrow, within weeks after that we had the

2    notice of settlement in principle.  And, you know, I think we

3    need to look very closely at what that triggering event is, and

4    it's not the filing of a class action.  It's not that there

5    could be a settlement.  It's that a particular due process

6    requirement had not been met.

7           THE COURT:  Well, what about the cases that were

8    cited by the plaintiff and the defendant and are mentioned in

9    the tentative?  I mean, essentially -- yes, it's true that the

10   Ninth Circuit hasn't ruled definitively on this, I suppose, but

11   it does seem to me, what about the cases that say that it's the

12   potential -- in terms of judging the timeliness, that it's the

13   potential that's the issue and kind of starts the clock

14   running?

15          MR. RESTIS:  Again, the potential, we agree that

16   that is the standard, but the potential here did not arise

17   until we learned that there was adequacy of representation

18   issues in this case.  The filing of a lawsuit or the notice

19   that there's proceedings going forward is not enough, and I

20   haven't seen any case that says that, and we looked very hard.

21      We were trying to find it because it's not the beginning

22   of this case.  It was filed in 2013, but frankly, there was

23   really no litigation that took place in this case.  They filed

24   the complaint.  It got removed.  They filed a first amended

25   complaint, and there was a 26(f) report and a scheduling order,

1   and that's it, until there was this last minute emergency

2   request for continuance.

3       You know, we're not -- there's nothing that is proceeding

4   on the docket or publicly available to say that this case is

5   proceeding.  There wasn't even a motion to dismiss, if I'm

6   correct, I don't know.  So again, I think that we agree that

7   the standard is when those interests may be impaired, but

8   again, it's not litigation itself and --

9           THE COURT:  All right.  Thank you.  Let me hear --

10          MR. RESTIS:  Of course.

11          THE COURT:  -- from the other intervenor.

12          MR. RESTIS:  Thank you, Your Honor.

13          THE COURT:  Do you have anything to add on behalf of

14  the intervenors?

15          MR. FRIEDL:  No, Your Honor.

16          THE COURT:  All right.  Let me then -- let's deal

17  first with responding to the intervenor's arguments, and then

18  we'll turn to whether the class should be granted preliminary

19  approval for the settlement.

20      All right.  Mr. McDowell or Mr. Orshansky, whoever of you

21  wishes to speak.

22          MR. MCDOWELL:  Good morning, Your Honor.

23      On the intervention issues, I think the Court has

24  identified the issues correctly in the tentative, and I'm happy

25  to address any questions the Court has on that, but I don't

1    think we're going to waste the Court's time with further

2    argument on that point.

3            THE COURT:  All right.  Mr. Orshansky, is there

4    anything that you would like to add?

5            MR. KACHADOORIAN:  Your Honor, I'd like to address a

6    few points raised by Mr. Restis.  I feel that the entire

7    genesis of proposed intervenors' motions has been misconception

8    that plaintiffs missed the deadline to file a class or a brief

9    and that we had done no work on this case since 2013 when we

10   first sent a demand letter to defendant.

11        The fact is we've done a substantial amount of work on

12   this case.  Even before we filed it, we engaged an army, a

13   small army of experts.  I mean, we're talking multiple food

14   scientists, damages experts, marketing experts.  We

15   contemplated and discussed a marketing survey as well as

16   electronic discovery and experts.

17           THE COURT:  All right.  Counsel, I wanted to give

18   you a chance to respond since, you know, an allegation was made

19   on the record, you'd have a chance to rebut it.  But that's

20   really not the issue here.  I mean, I don't doubt that one day

21   it will be, and I'll allow all of you the chance to be heard,

22   to defend the positions of your clients and, frankly, to defend

23   your own reputation if it's going to go down that way.  But

24   right now, the real issue here is, you know, in regard here, I

25   think there's been a couple issues that I addressed in the

 1   tentative in regard to the intervention.  Counsel has addressed

 2   those.

 3        So let's -- is there anything that you would like to say

 4   apart from the merits of the settlement and your own due

 5   diligence?  Is there anything else that you would like to tell

 6   me in response to what the intervenors had to say?

 7             MR. KACHADOORIAN:  I'd like to insist, Your Honor,

 8   with regard to the timeliness of the intervention motions that

 9   defense counsel -- or excuse me, counsel for proposed

10   intervenors have known about this action, as the Court

11   recognizes in its tentative, for a substantial amount of time,

12   and I want to impress upon the Court that we had telephonic

13   communications with Mr. Restis and his colleagues, but there

14   was no, you know, receptivity to joint prosecution.

15        They knew from those discussions that we were more

16   procedurally advanced than their action was.  They knew we were

17   preparing to file a class or a brief.  They knew we were

18   retaining experts, and they knew we were discussing settlement,

19   frankly.  So it's a little bit disingenuous for him to say that

20   he had no idea that there was a possibility that his client's

21   interest would be affected by any potential settlement in this

22   matter or resolution in this matter.

23             THE COURT:  All right.  Thank you.

24             MR. KACHADOORIAN:  Thank you, Your Honor.

25             THE COURT:  Then let's move on now to the issue of

```
 1   the request for preliminary approval of the settlement.
 2        Look, of course I read the opposition that was filed by
 3   Capstone, and I suppose the argument could be made that if the
 4   intervention isn't granted, then they aren't a party to this.
 5   But the fact is is that I have to -- I have my own duty to make
 6   sure that the settlement is appropriate, and it's always the
 7   case that if the parties come in and are recommending it that
 8   I've still got to look at it independently.  And for the
 9   reason, frankly, I put in the tentative, that was certainly the
10   case here because as far as I'm concerned, I was recently
11   reversed by the Ninth Circuit for certifying a class that looks
12   pretty similar.  Maybe so, maybe not, I don't know, but it
13   looks kind of similar to me.
14        So look, it could be that with additional briefing or --
15   and looking at the labels, I'll grasp what's really going on
16   here and I'll feel comfortable certifying it.  It could be that
17   my legal concerns are just mistaken, and look, I'm not
18   complaining about the reply that was written.  Obviously, I
19   tried to be very thorough, but maybe if I get more briefing,
20   I'll feel comfortable with it.  You know, I'm not sure, but as
21   things now, quite independent of the opposition that was filed,
22   I, you know, have concerns about this class when -- and again,
23   it's not that there's 197 labels or whatever the number is, you
24   know, and I understood the point that this is about -- that's
25   about flavors.
```

1         The thing is, though, is that it does seem to be the case

2    that there are various representations, and it's just difficult

3    for me to see based on what's been held by my fellow district

4    judges and what the Ninth Circuit, albeit not in a published

5    opinion, but it's clearly very persuasive in telling me that I

6    made a mistake.  I would like to not make the same mistake

7    twice.

8         So let me hear from either the plaintiff or the defense in

9    regard to that issue in regard to the class settlement.

10            MR. MCDOWELL:  Your Honor, I'll take this up at

11   least for Monster.  We've read the tentative.  We understand

12   the Court's concerns, and frankly, we will -- we're prepared to

13   submit on the tentative to refile the motion to explain the

14   issues that the Court has expressed some concerns or confusion

15   about so that it's clear.  And we would also explain some of

16   the claim processing issues and why they are -- we believe they

17   are important and relevant in this circumstance.

18            THE COURT:  All right.  Thank you, Mr. McDowell.  So

19   that's that.

20        Let me raise the next issue, which said -- you know, my

21   law clerk read the briefs before I did, and when he was

22   summarizing for me what the case was, my gut reaction was,

23   well, why isn't this injunction in violation of the

24   Anti-Injunction Act.  So the thing is, it does seem that

25   there's case law that says it isn't.  That's fine, but what I

 1   was pleased to see that the issue appears to be moot, though

 2   there does seem to be some confusion about that.

 3        So let me hear from the intervenors in whether they

 4   believe that their request for an injunction is moot or not.

 5             MR. FRIEDL:  Your Honor, the injunction issue is

 6   clearly moot in the Cuzakis case.  Judge Amy Hogue is handling

 7   the case in the superior court and has stayed proceedings in

 8   that case.  We had a class certification date.  We had a number

 9   of discovery issues that we will bring before the court, and

10   the judge has stayed the entire matter pending the

11   determination of this Court as to preliminary approval or final

12   approval.  So we view it as moot.

13             THE COURT:  All right.  And in regard to Ms. Mooney?

14             MR. RESTIS:  Same, Your Honor.

15             THE COURT:  All right.  Thank you.  So that -- you

16   know, it probably would have been legally one of -- well,

17   again, the case law seems pretty consistent, so maybe it wasn't

18   as interesting as I thought it would be, but also, I'm happy to

19   have one less issue here.

20        Now let's talk about something else, and that is

21   regardless of what I'll decide -- and I'll think about the

22   issues raised in the Facebook case and look at how -- at what

23   these other cases have to say -- does it make sense even if it

24   is legally possible or legally strongly suggested by the case

25   law to go ahead with the preliminary approval, go to all this

1   expense, all these issues, risk confusion for the class members

2   and then come in and have the intervenors as members of the

3   class who are represented by able counsel file their objections

4   and then deal with these issues?

5       And it seems to me there's two things that could happen.

6   One is is that while making very clear they aren't waiving

7   anything, that the plaintiff and the defense would stipulate to

8   intervention for the purpose of making certain narrowly-defined

9   final objections that can be heard now on the basis as it is.

10  Of course, this would have to be after the class was defended

11  or split up into subgroups, but, you know, after that and just

12  deal with this, or the other thing is now that the plaintiffs

13  have -- look, I understand there were telephone calls between

14  counsel, but, you know, the plaintiffs' counsel isn't the only

15  person now who doesn't have a lot of leverage.

16      Right now you have lawyers who have class actions which

17  are stayed, whose motion for intervention has been denied who

18  are looking at perhaps meritorious objections down the road.

19  Perhaps everyone might feel it was in their interest to have a

20  global resolution of all these issues, or perhaps we should

21  await and see what the Ninth Circuit does in regard to the

22  appellate issues that were raised in the reply filed by the

23  plaintiff in support of the settlement.

24      So look, at some point that has to be -- you guys have to

25  decide this out yourselves.  It's not really for me to mandate

1    that.  I'm just throwing out there that these are issues that

2    all of the parties might want to contemplate.  It might be in

3    the interest of the plaintiff and the defense to get these

4    issues resolved now, or it might be in their interest to revise

5    the class and the settlement to a degree in order to encompass

6    all the lawyers and the two stay court actions and have a

7    global settlement.

8         But again, that -- other than just pointing out that

9    that's something that could happen, that's really up to you.

10   If I allow the intervention after going back and thinking about

11   it, then, of course, I'll allow some additional argument after

12   I get the new proposed settlement, and then we can all do that.

13   If I deny the intervention, then it's clearly without prejudice

14   to these issues being raised in the final -- in the final

15   hearing.  That would be the basis for the ruling.  So you

16   aren't giving up anything.  You'll still be able to do it.

17        So, you know, in that sense, at this point I think, unless

18   I vastly change the tentative, the ball's going to be in the

19   court of the plaintiff and the defendant, first to justify the

20   class or break the class up into subgroups, and then after that

21   to decide when it makes sense to have these issues raised.

22   Because, you know, just based on the chronology -- look, I

23   understand why counsel want to point out these issues, in part

24   just because it's very personal, but in part because it's --

25   like on a motion to dismiss, I'll allow to a degree the lawyers

1    to talk about the merits.  It's -- you know, I understand why

2    they want to do it, but it's not the basis for my ruling.

3         I mean, here there clearly is -- on the basis of just the

4    chronology, there is something to these objections.  You know,

5    I mean, there just is.  On the other hand, it's clear that both

6    the defense and the plaintiff -- and this was set forth in the

7    reply, and it was set forth here today -- feel that they can

8    justify this settlement not just as being among the range of

9    possible settlements, which is the standard now, but as

10   something which is fair and that it was not collusive and that

11   these lawyers, who while they perhaps weren't the first to file

12   the action as was Cuzakis, they were first to get the ball

13   rolling, and they knew what they were doing, and it was hard

14   fought, and it's the best that they could do.

15        So, you know, that -- those issues can either be resolved

16   now if the plaintiff and the defendant think it's in their

17   interest to do so.  They can be resolved at the final hearing,

18   or they can be resolved through a settlement that will deal

19   with all the lawyers and all three cases.

20        So anything else before I take the matter under

21   submission?  All right.  Counsel, thank you for your briefs.

22   Thank you for your arguments.  You can expect the final order

23   shortly.  Thank you.

24            THE COURTROOM DEPUTY:  All rise.  This court is in

25   recess.

1        (The proceedings concluded at 9:40 a.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

1    **CERTIFICATE OF OFFICIAL REPORTER**

2

3    COUNTY OF LOS ANGELES    )
                               )
4    STATE OF CALIFORNIA       )

5

6              I, SHAYNA MONTGOMERY, Federal Official Realtime

7    Court Reporter, in and for the United States District Court for

8    the Central District of California, do hereby certify that

9    pursuant to Section 753, Title 28, United States Code that the

10   foregoing is a true and correct transcript of the

11   stenographically reported proceedings held in the

12   above-entitled matter and that the transcript page format is in

13   conformance with the regulations of the judicial conference of

14   the United States.

15

16   Date:  *March 8, 2016*

17

18

19                   /s/ SHAYNA MONTGOMERY
                   _____
20                 SHAYNA MONTGOMERY, CSR, RPR, CRR
                   Federal Official Court Reporter
21

22

23

24

25

**UNITED STATES DISTRICT COURT**